IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GONZALO R. GONZALES,

        Plaintiff,                    No. CIV S-07-1604 GEB EFB P

       vs.

R. J. SUBIA, et al.,

        Defendants.            ORDER

_____/

       Plaintiff is a state prisoner without counsel. On August 6, 2007, he commenced this action by filing a form petition for a writ of habeas corpus. On October 10, 2007, he filed a first amended petition. He paid the $5 filing fee applicable to habeas actions on October 26, 2007. *See* 28 U.S.C. § 1914(a). The case was referred to the undersigned by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       For the reasons explained below, the court construes this action as one alleging civil rights violations, and finds that it fails to state any cognizable claim for relief. *See* 42 U.S.C. § 1983. To proceed, plaintiff must file a civil rights complaint. He must also either pay the $350 filing fee applicable to civil rights actions or he must obtain leave to proceed *in forma pauperis*. 28 U.S.C. §§ 1914(a), 1915(a).

////

Habeas corpus is the sole remedy for a prisoner challenging the fact or duration of his confinement and seeking immediate or speedier release from custody. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). An action under 42 U.S.C. § 1983 is the remedy for allegedly unconstitutional conditions of confinement. *See Nelson v. Campbell*, 124 S.Ct. 2117, 2122-23 (2004); *Preiser*, 411 U.S. at 498-99.

In the October 10, 2007 pleading, plaintiff states that he is challenging the conditions of confinement at Mule Creek State prison, specifically with respect to his medical care. He alleges that he has been diagnosed with Hepatitis-C and that an unspecified person, or persons, denied his request for a liver biopsy. He seeks injunctive relief. Section 1983 of Title 42 of the United States Code creates a cause of action against persons who deprive any individual of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Neither states nor their agencies are persons under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim that he was provided constitutionally inadequate medical care, plaintiff must allege acts or omissions evidencing identified defendants knew of and disregarded plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Neither defendants' negligence nor plaintiff's general disagreement with the treatment he received suffices to state a claim. *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996).

Plaintiff's allegations do not state a claim for relief under this theory.

Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in

another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right. In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

////

A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11. Prison rules require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison authorities for violation of the court's rules and orders. *See* Cal. Code Regs. tit. 15, § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

Accordingly, the court hereby orders that:

1. The court hereby construes the October 10, 2007, pleading as a complaint alleging civil rights violations, and, so construed, finds that it fails to state any cognizable claim for relief.

2. Within 30 days of the date of this order, plaintiff must either pay the $350 filing fee applicable to civil rights actions or seek leave to proceed *in forma pauperis*. Failure to either

1  pay the fee or seek leave to proceed *in forma pauperis* will result in a recommendation that this
2  action be dismissed.  Plaintiff *must* pay the filing fee or obtain leave to proceed *in forma*
3  *pauperis* for the court to consider any amended complaint.
4     3.  The complaint is dismissed with leave to amend within 30 days.  Plaintiff shall file an
5  original and one copy of the amended complaint, which must bear the docket number assigned to
6  this case and be titled "Second Amended Complaint."  Failure to file an amended complaint will
7  result in a recommendation this action be dismissed for failure to state a claim.  If plaintiff files
8  an amended complaint stating a cognizable claim the court will proceed with service of process
9  by the United States Marshal.
10    4.  The Clerk of the Court is directed to send to plaintiff this court's form application for
11 leave to proceed *in forma pauperis*.
12 Dated:  April 9, 2008.

                                                EDMUND F. BRENNAN
                                              UNITED STATES MAGISTRATE JUDGE