**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

GONZALO R. GONZALES,

Plaintiff,

vs.

R.J. SUBIA,

Defendant.

Case No. 2:07-cv-01604-PMP-GWF

**ORDER**

This matter is before the Court on Plaintiff's Second Amended Complaint (#17), filed on July 10, 2008.

**BACKGROUND**

On October 10, 2007, Plaintiff filed his Amended Petition for Writ of Habeas Corpus (#6), which was dismissed with leave to amend upon the ground that Plaintiff failed to state any cognizable claim for relief. *See Order (#10)*. The Court found that Plaintiff's Amended Petition for Writ of Habeas Corpus (#6) did not allege an actionable claim pursuant to 28 U.S.C. § 2254 and further ordered Plaintiff to file a civil rights complaint pursuant to 42 U.S.C. § 1983. *Id.* In his Amended Petition for Writ of Habeas Corpus (#6), Plaintiff challenged the conditions of confinement at the Mule Creek State Prison. He alleged deliberate indifference in providing competent medical care and treatment for Plaintiff's illness. The Court stated in Order (#10) that Plaintiff failed to properly state a claim under § 1983 by not alleging "acts or omissions evidencing identified defendants knew of and disregarded plaintiff's serious medical needs." *See Order (#10), p. 2*; citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994).

...

Plaintiff was given leave to file an amended complaint. *See Order (#10)*. As a general rule, an amended complaint supersedes the prior pleading, the latter being treated as non-existent. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Additionally, Local Rule 15-220 requires that an amended complaint must be complete in itself without reference to any prior pleading. Once the amended complaint is filed, the original complaint no longer serves any function is this case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff filed his Second Amended Complaint (#17). Thus, Plaintiff has complied with Order (#10) and the Court will now proceed with the screening of the Plaintiff's Second Amended Complaint (#17) pursuant to 28 U.S.C. §1915A.

In his Second Amended Complaint (#17), Plaintiff alleges that Defendants' deliberate indifference to his medical needs are in violation of the Eighth Amendment. Plaintiff alleges that Defendants Tilton, Subia, Williams, and Akintola are all acting under color of state law and depriving Plaintiff of his constitutional rights by not providing him adequate medical care. Plaintiff alleges that on May 25, 2006, he was diagnosed with Hepatitis C. Plaintiff further alleges that Defendant Akintola deprived Plaintiff of his federal constitutional right of adequate medical care. Plaintiff alleges that on June 20, 2006, he asked Defendant Akintola to perform an immediate liver biopsy to discover if Plaintiff had liver damage, but Defendant Akintola refused to perform the biopsy. Plaintiff alleges that Defendants Williams and Akintola have refused to allow Plaintiff to see another physician at the U.C. Medical Center or any other hospital where a liver biopsy could be performed.

Plaintiff alleges that guards at the Mule Creek State Prison regularly engage in conspiracies by obstructing Plaintiff's access to various physicians and specialists. Plaintiff alleges that certain prison guards obstruct his access in retaliation as a result of Plaintiff filing complaints against them.

**DISCUSSION**

"The unnecessary and wanton infliction of pain upon incarcerated individuals under color of law constitutes a violation of the Eighth Amendment ..." *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (citation, alteration and internal quotation marks omitted)). A violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to a prisoner's needs. *Toguchi* at 1057.

Under the Eighth Amendment, a prisoner "must satisfy both the objective and subjective components of a two-part test." *Id.* quoting *Hallet v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted). First there must be a demonstration that the prison official deprived the prisoner of the "minimal civilized measure of life's necessities." *Id.* (citation omitted). Second, a prisoner must demonstrate that the prison official "acted with deliberate indifference in doing so." *Id.* (citation and internal quotation marks omitted).

A deprivation of a plaintiff's Eighth Amendment right occurs when prison officials are deliberately indifferent to a prisoner's medical needs. *See Estelle*, 429 U.S. at 104, 97 S.Ct. at 285. A prison official acts with "deliberate indifference ... only if the [prison official] knows of and disregards an excessive risk to inmate health and safety." *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citation and internal quotation marks omitted). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979. "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188 (citation omitted). "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *McGuckin*, 974 F.2d at 1059 (alteration and citation omitted).

Pursuant to a "deliberate indifference" analysis, the Court views whether "the [prison official] knows of and disregards an excessive risk to inmate health and safety." *Gibson*, 290 F.3d at 1187. "Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Id.* (citing to *Hallet*, 296 F.3d at 744 ("Mere medical malpractice does not constitute cruel and unusual punishment.") (citation omitted)). After viewing Plaintiff's Second Amended Complaint (#17), the Court finds that Plaintiff fails to allege facts sufficient to state a claim for relief under the Eighth Amendment's two-part test. *Toguchi*, 391 F.3d at 1057. Plaintiff has not demonstrated that Defendants deprived him of the "minimal civilized measure of life's necessities." *Id.* (citation omitted). Additionally, Plaintiff has not demonstrated that Defendants "acted with deliberate indifference in doing so." *Id.* The failure to perform a liver biopsy related to Plaintiff's disease of

Hepatitis C does not constitute cruel and unusual punishment under the Eighth Amendment. Thus, the Court finds that Defendants' actions cannot constitute deliberate indifference. *See Gibson*, 290 F.3d at 1187.

After viewing Plaintiff's Second Amended Complaint (#17), the Court again finds that Plaintiff's allegations do not state a viable cause of action against Defendants under the Eighth Amendment. Because Plaintiff's Second Amended Complaint (#17) states the same facts as Plaintiff's Amended Petition for Writ of Habeas Corpus (#6) and offers no other relevant facts to support his claims, the Court will dismiss Plaintiff's Second Amended Complaint (#17), with leave to file an amended complaint that sufficiently alleges a claim against Defendants.

The screening of Plaintiff's Second Amended Complaint (#17) has been completed pursuant to 28 U.S.C. §1915A. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Second Amended Complaint (#17) is **dismissed** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have **thirty (30) days** from the date that this Order is entered to file his Amended Complaint, if he believes he can correct the noted deficiencies. Failure to comply with this Order will result in a recommendation that this action be dismissed with prejudice.

DATED this 9th day of January, 2009.

George Foley Jr.

**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**