# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

GONZALO R. GONZALES,

                Plaintiff,

vs.

R.J. SUBIA,

                Defendant.

Case No. 2:07-cv-01604-PMP-GWF

**FINDINGS AND RECOMMENDATIONS**

Third Amended Complaint (Dkt. #24)

This matter is before the Court on Plaintiff's Third Amended Complaint (Dkt. #24), filed on March 12, 2009.[1]

## BACKGROUND

On July 20, 2007, Plaintiff filed a Petition for Writ of Habeas Corpus in the Northern District of California. (Dkt. #1) while he was incarcerated at Mule Creek State Prison in Ione, California. After stating that Mule Creek State Prison is located in the Eastern District of California, the District Court for the Northern District of California transferred Plaintiff's case to the Eastern District, noting that the district of confinement is the preferable forum for prisoner lawsuits involving the manner in which a sentence is being executed. (Dkt. #1 at 1-2, *citing* Habeas L.R. 2254-3(a); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989)).

Plaintiff then filed an Amended Petition for Writ of Habeas Corpus (Dkt. #6) on October 10, 2007, which was subsequently dismissed with leave to amend due to Plaintiff's failure to state any

---

[1] Plaintiff erroneously identifies his most recent amended complaint (Dkt. #24) as his "Second Amended Complaint". Plaintiff previously filed a Second Amended Complaint on July 10, 2008. (Dkt. #17). As a result, the Court will refer to the amended complaint at issue (Dkt. #24) as Plaintiff's Third Amended Complaint.

cognizable claim for relief pursuant to 28 U.S.C. § 2254. (Dkt. #10). The Court also analyzed Plaintiff's Amended Petition for Writ of Habeas Corpus (Dkt. #6) to the extent that it was intended as a civil rights complaint. (Dkt. #10). In his petition, Plaintiff challenged the conditions of confinement at the Mule Creek State Prison, alleging deliberate indifference in providing competent medical care and treatment for Plaintiff's illness. (Dkt. #6). The Court dismissed Plaintiff's petition for failure to state a proper claim under § 1983 because it did not allege "acts or omissions evidencing identified defendants knew of and disregarded Plaintiff's serious medical needs". (Dkt. #10 at 2 *citing Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976)).

Plaintiff was given leave to file a second amended complaint (Dkt. #10), which he filed on July 10, 2008. (Dkt. #17). In his Second Amended Complaint, Plaintiff alleged that Defendants, as state actors, violated his Eighth Amendment rights through deliberate indifference to his medical needs and their failure to provide adequate medical care for his Hepatitis C. (*Id.*) Plaintiff alleged that he was diagnosed with Hepatitis C on May 25, 2006 and that defendant prison officials and prison medical staff refused to perform an immediate liver biopsy in June 2006 to discover if Plaintiff had liver damage. (*Id.*) In addition, Plaintiff alleged that Defendants Williams and Akintola refused to allow Plaintiff to see additional physicians at a hospital where a liver biopsy could be performed. (*Id.*).

Finally, Plaintiff alleged that guards at the Mule Creek State Prison regularly engage in conspiracies by obstructing access to various physicians and specialists and that certain prison guards have obstructed his access in retaliation as a result of Plaintiff filing complaints against them.

The Court found the allegations in Plaintiff's Second Amended Complaint (Dkt. #17), "did not state a viable cause of action against Defendants under the Eighth Amendment," because Plaintiff simply restated "the same facts as Plaintiff's Amended Petition for Writ of Habeas Corpus (Dkt. #6) and offered no other relevant facts to support his claims. (Dkt. #21). The Court dismissed Plaintiff's Second Amended Complaint (Dkt. #17), with leave to file an amended complaint that sufficiently alleges a claim against Defendants. On March 12, 2009, Plaintiff filed his Third Amended Complaint (Dkt. #24) and the Court will now proceed with the screening of the Plaintiff's Third Amended Complaint (*Id.*) pursuant to 28 U.S.C. §1915A.

In his Third Amended Complaint (Dkt. #24), Plaintiff resubmitted, almost verbatim, his Second Amended Complaint (Dkt. #17). Plaintiff alleges no additional facts in the Third Amended Complaint. He does, however, include additional section 1983 claims based on previously alleged facts. Plaintiff now alleges two claims for violations of his civil rights: 1) violation of his First Amendment rights when prison officials and medical staff allegedly threatened to transfer him to another prison if he continued with the present lawsuit and 2) violation of his Fourteenth Amendment right to substantive due process[2] and Eighth Amendment protection against cruel and unusual punishment based on the prison officials and medical staff's denying Plaintiff's request for an immediate liver biopsy.

## DISCUSSION

### 1. First Amendment Claim

Plaintiff alleges that prison officials and medical personnel, in their official state capacity, violated his First Amendment rights when they allegedly threatened to transfer him to another prison if he continued to pursue litigation naming them as Defendants. Plaintiff does not, however, allege that actual retaliation occurred. "A prisoner suing prison officials under [§] 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). A prisoner must demonstrate that his First Amendment rights were actually chilled by the retaliatory action. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000). Plaintiff has failed to allege that his First Amendment rights have been chilled. Indeed, he has now filed four versions of a Complaint with the Court regarding his allegations of inadequate medical care. As a result, the Court will recommend that Plaintiff's First Amendment claim be dismissed as it fails to state a claim upon which relief can be granted.

---

[2] Plaintiff's Third Amended Complaint states that Defendants' alleged threats of retaliation violated his right to due process under the Fifth Amendment to the U.S. Constitution. The Fifth Amendment Due Process Clause, however, only applies where the governmental actor in question is a federal official. The Fourteenth Amendment imposes the responsibility of providing due process on actors of the state governments. Since the Defendants in this matter are alleged California state officials, this Court will analyze Plaintiff's substantive due process claim under the Fourteenth Amendment.

## 2. Eighth Amendment Claim

"The unnecessary and wanton infliction of pain upon incarcerated individuals under color of law constitutes a violation of the Eighth Amendment." *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (citation, alteration and internal quotation marks omitted)). A violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to a prisoner's needs. *Toguchi* at 1057. Under the Eighth Amendment, a prisoner "must satisfy both the objective and subjective components of a two-part test." *Id.* quoting *Hallet v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted). First, there must be a demonstration that the prison official deprived the prisoner of the "minimal civilized measure of life's necessities." *Id.* (citation omitted). Second, a prisoner must demonstrate that the prison official "acted with deliberate indifference in doing so." *Id.* (citation and internal quotation marks omitted).

A deprivation of a plaintiff's Eighth Amendment right occurs when prison officials are deliberately indifferent to a prisoner's medical needs. *See Estelle*, 429 U.S. at 104, 97 S.Ct. at 285. A prison official acts with "deliberate indifference ... only if the [prison official] knows of and disregards an excessive risk to inmate health and safety." *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citation and internal quotation marks omitted). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979. "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188 (citation omitted). "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *McGuckin*, 974 F.2d at 1059 (alteration and citation omitted).

Pursuant to a "deliberate indifference" analysis, the Court views whether "the [prison official] knows of and disregards an excessive risk to inmate health and safety." *Gibson*, 290 F.3d at 1187. "Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Id.* (citing to *Hallet*, 296 F.3d at 744 ("Mere medical malpractice does not constitute cruel and unusual punishment.") (citation omitted)). After viewing Plaintiff's Third Amended

4

Complaint (Dkt. #24), the Court finds that Plaintiff fails to allege facts sufficient to state a claim for relief under the Eighth Amendment's two-part test. *Toguchi*, 391 F.3d at 1057. Plaintiff has not demonstrated that Defendants deprived him of the "minimal civilized measure of life's necessities." *Id.* (citation omitted). Additionally, Plaintiff has not demonstrated that Defendants "acted with deliberate indifference in doing so." *Id.* The failure to perform a liver biopsy related to Plaintiff's disease of Hepatitis C does not constitute cruel and unusual punishment under the Eighth Amendment. Thus, the Court finds that Defendants' actions cannot constitute deliberate indifference. *See Gibson*, 290 F.3d at 1187.

### 3. Fourteenth Amendment Claim

Plaintiff raises a substantive due process claim based on the prison's alleged failure to immediately provide him with a liver biopsy. A prisoner's right to receive adequate medical care derives, in part, from the substantive due process clause of the Fourteenth Amendment. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). As a result, the analysis for Plaintiff's substantive due process claim mirrors the analysis of Plaintiff's Eighth Amendment claim for allegedly inadequate medical care. Therefore, since Plaintiff has not demonstrated that Defendants deprived him of the "minimal civilized measure of life's necessities" or that Defendants "acted with deliberate indifference in doing so," Plaintiff's Fourteenth Amendment claim must be dismissed as Defendants' actions cannot constitute deliberate indifference. *Toguchi*, 391 F.3d at 1057.

After viewing Plaintiff's Third Amended Complaint (Dkt. #24), the Court finds that Plaintiff's allegations do not state a viable § 1983 cause of action under the First, Eighth or Fourteenth Amendment. Because Plaintiff's Third Amended Complaint (Dkt. #24) states the same facts as Plaintiff's Amended Petition for Writ of Habeas Corpus (Dkt. #6) and Second Amended Complaint (Dkt. #17) and offers no other relevant facts to support his claims, the Court will recommend that his complaint be dismissed with prejudice. Accordingly,

### **RECOMMENDATION**

The Court recommends that Plaintiff's Third Amended Complaint (Dkt. #24) be dismissed with prejudice. Plaintiff has failed to state a claim upon which relief may be granted after being granted two

opportunities to amend his complaint to include additional factual allegations or legal claims that would present viable claims under § 1983. Accordingly,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Third Amended Complaint (Dkt. #24) should be **DISMISSED with prejudice**.

## NOTICE

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within twenty (20) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 28th day of April, 2009.

**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**